EVAN R. MOSES, CA Bar No. 198095
evan.moses@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARA DEPINA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:23-cv-00156-TLT<br><br>**COVER LETTER FOR JOINT LETTER REGARDING DISCOVERY DISPUTE**<br><br>Complaint Filed:  November 18, 2022<br>Trial Date:          None<br>District Judge:    Hon. Trina L. Thompson<br>                          Courtroom 9, San Francisco |

Hon. Trina L. Thompson
San Francisco Courthouse, Courtroom 9, 19th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   Clara Depina v. FedEx Ground Package System, Inc. Case No. 3:23-cv-00156-TLT,
      Discovery Dispute About Plaintiff's Survey

To the Honorable Trina L. Thompson:

FedEx Ground Package System, Inc. ("FedEx Ground") and Clara Depina ("Plaintiff") respectfully submit this letter concerning the discovery of Plaintiff's surveys to putative class members, pursuant to this Court's Standing Order ¶ 21. This dispute is exigent given FedEx Ground's May 14 deadline to oppose class certification. The Parties thank the Court for her attention to this important matter.

**FedEx Ground's Position: Survey-Related Discovery Is Highly Relevant and Non-Privileged, and Discoverable.**

1. **Discovery in Dispute**

Plaintiff seeks to represent a class of thousands of non-parties who worked for FedEx Ground since February 2022. She proclaims that these non-parties—who worked at more than 50 facilities with differing staffing models, management structures, and operational demands—experienced "uniform" policies and/or practices as it pertains to alleged security checks and meal and rest periods. FedEx Ground disputes that any common policy or practice exists that could resolve any liability question for these thousands of disparate people.

Plaintiff sent a survey to non-parties about what she contends are "common" work experiences. On February 5, FedEx Ground served discovery for the production of basic documents concerning Plaintiff's survey, including: (1) the actual survey that Plaintiff sent to non-parties; (2) communications with those non-parties concerning the survey; and (3) the non-parties' responses to the survey.[1] FedEx Ground granted Plaintiff's request for an extension to respond to the discovery and on March 25, Plaintiff served a privileged log confirming that she received survey responses from non-parties between January 16 to February 26, 2024. She refuses to produce the survey, communications with absent class members about the survey, or the survey responses.

FedEx Ground initiated meet-and-confer communications about the instant dispute on March 29. It invited Plaintiff to telephonically confer on April 1, 2, and 3. Plaintiff was first available on April 4. The Parties spoke but were unable to come to any agreement.

2. **Protection Was Waived When Depina Voluntarily Shared Materials With Non-Parties.**

The survey, communications with non-parties about the survey, and the survey responses themselves are not privileged because they have been widely disseminated to non-parties.

---

[1] FedEx Ground is not seeking to discover draft surveys that were not ultimately disseminated or any communications between Plaintiff's firm and the vendor who administrated the survey.

Trina L. Thompson
Page 2

Plaintiff's counsel does not represent the non-parties, and the attorney-client communication privilege does not apply. *See, e.g., Kullar v. Foot Locker Retail, Inc.*, 191 Cal. App. 4th 1201, 1205 (2011) ("since no class has yet been certified…no attorney-client relationship has yet arisen between [plaintiff's law firm] and members of the putative class); *Atari, Inc. v. Sup. Court*, 166 Cal. App. 3d 867, 873 (1985) ("We cannot accept the suggestion that a potential class member should be deemed 'a party ... represented by counsel' even before the class is certified."); *Sharp v. Next Entertainment, Inc.*, 163 Cal.App.4th 410, 433 (2008).

Plaintiff's position suggests that the communications are covered because even though these non-parties did not retain Plaintiff's counsel or approach Plaintiff's counsel for legal advice, they spoke about facts underlying Plaintiff's claims. This argument fails for two reasons. First, Plaintiff's provided authority does not support her claim; it instead provided that the attorney-client communication privilege does not protect the identities of absent class members with whom Plaintiff's counsel spoke. *Tien v. Sup. Ct.*, 139 Cal. App. 4th 528, 537 (2006). Second, Plaintiff has not established that these non-parties contacted Plaintiff's counsel to obtain legal advice; rather, it was Plaintiff's counsel who solicited fact information from non-parties. *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) (a communication must be made for the purpose of seeking legal advice).

Even if the documents were protected by the attorney-client communication privilege and/or the attorney work product doctrine (and they are not), any such protection was waived when the survey was widely sent to non-parties. *See, e.g., Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (work product is waived by voluntary disclosure); *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir.1981) (voluntary disclosure of a privileged attorney communication to a third party constitutes waiver of privilege).

It is for this logical reason—that any protection is waived by its disclosure—that the Central District recently found that surveys sent by plaintiff's counsel to putative class members were unprotected:

> The issue here is not whether Defendant has made sufficient showing to overcome presumptive work product protection, but whether the proposed survey, which will be publicly distributed to the putative class, is work product at all. Plaintiffs assert that the proposed survey is work product because it was developed by counsel.…But unlike the witness questionnaires in *Upjohn* that were kept confidential throughout, Plaintiffs' proposed survey will be publicly disseminated to some or all of the 10,000 putative class members and some of those subscriber responses will be used to support the motion for class certification…<u>the Court can only conclude that the proposed survey to be disseminated publicly to Defendant's subscribers is not shielded from disclosure by the work product doctrine</u>.

*Baird v. Charter Communications, Inc.*, Case No. 2:19-cv-10621-FLA-KS *9 (C.D. Cal., July 17, 2023). The same logic compels production of the survey-related material here; the survey and its results are not confidential because they were shared with and/or created by non-parties.

3. **The Materials Are Highly Relevant and Compelled in Similar Contexts.**

There are additional secondary reasons that the materials are discoverable.

**First**, the survey and responses relate to the core issues in this case—including security checks and meal and rest break practices. Plaintiff has not disputed that the survey-related materials are highly relevant to the Parties' claims and defenses.

**Second**, FedEx Ground is entitled to discover how Plaintiff has communicated with putative class members (including those who may have then signed declarations in support of Plaintiff's certification motion), because those matters are critical to the assessment about the admissibility of the declarations. *See, e.g., McCowen v. Trimac Transportation Servs. (W.), Inc.*, No. 14-CV-02694-RS (JSC), 2015 WL 5184473, at *5 (N.D. Cal. Sept. 4, 2015) ("Plaintiff's counsel must inform each potential class member that the Court compelled Defendant to disclose their contact information and that the communication is highly confidential…. Finally, all communications must be fair and accurate and must not be misleading, intimidating, or coercive."); *Bell v. Delta Air Lines, Inc.*, No. C 13-01199 YGR (LB), 2014 WL 985829, at *4 (N.D. Cal. Mar. 7, 2014) (generally, same). FedEx Ground cannot obtain that discovery though any means other than discovery of Plaintiff's communications with putative class members about the survey and the survey itself, and thus any work product doctrine is overcome by a substantial need for the documents. *See* FRCP 26(b)(3)(A)(ii); *Hickman v. Taylor*, 329 US 495, 511-512 (1947) (both generally providing that a court may order disclosure of work product where the party seeking disclosure shows that it has a substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means.) In her position below, Plaintiff suggests that FedEx Ground "can obtain a substantial equivalent" by deposing these absent class members; this argument is disingenuous, as Plaintiff has refused to disclose these individuals' identities.

**Third**, courts routinely compel the production of surveys and survey responses in the putative class context. *See, e.g., Smith v. CEVA Logistics U.S., Inc.*, No. CV 09-4957-CAS (SSX), 2012 WL 12973191, at *2 (C.D. Cal. Mar. 8, 2012) (compelling production of plaintiff's proposed survey to class members); *In Morisky, et al. v. Public Service Electric and Gas Co.*, 191 F.R.D. 419, 423 (D.N.J. 2000) (holding all responses by putative class members to questionnaires had to be disclosed to defendant); *Vallone v. CNA Fin. Corp.*, No. 98 C 7108, 2002 WL 1726524, at *1 (N.D. Ill. Mar. 19, 2002) (granting defendant's motion to compel plaintiffs to produce putative class members' responses to questionnaires; "we do not believe the responses are privileged"; "the responses were prepared by the persons responding, not by attorneys."); *Castaneda v. Burger King Corp.*, 259 F.R.D. 194, 199 (N.D.Cal.2009) (compelling production of survey responses in class setting).

Due to the foregoing, Plaintiff should be ordered to produce the survey, all responses to the surveys, and all communications with non-parties about the surveys by **April 12, 2024**.

**Plaintiff's Position**:

1. **The Survey and Communications are Protected by Attorney Work-Product and/or Attorney-Client Privilege**

    a. <u>The Survey is Protected by Attorney Work-Product Privilege</u>

The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, and it protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). The Ninth Circuit has adopted the "because of" standard for determining whether a document was prepared "in anticipation of litigation." *Id*. at 907.

Here, the requested survey was prepared by Plaintiff's counsel to gather evidence for Plaintiff's class certification motion and trial. The survey was prepared by attorneys after Plaintiff had already filed the present action. As Plaintiff identified in his privilege log, the questions contained in the document represent the mental impressions and litigation strategy of Plaintiff's attorneys. Because the document was prepared in anticipation of the ongoing litigation by Plaintiff's attorneys, it is protected work product and should be shielded from production.

      b.      <u>Communications to Putative Class Members are Protected by Attorney-Client Privilege</u>

In California, the attorney-client privilege is "a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer." Evid.Code, § 954; *see also* Bus. & Prof. Code, § 6068 (e)(1) [an attorney has a duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client"].) The term "client" is not limited to persons who retain an attorney. Rather, it includes any person who "consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity." Evid.Code, § 951; *see also Hooser v. Superior Court* (2000) 84 Cal.App.4th 997, 1003, 101 Cal.Rptr.2d 341. Thus, for purposes of attorney-client privilege, there is no distinction between putative class members ("PCMs") who retained Plainitff's counsel versus those who did not. *Tien v. Superior Court*, 139 Cal.App.4th 528, at 537 (2006). Here, all of Plaintiff's counsel's communications with PCMs was directly related to the pending litigation and the potential violations of the labor code PCMs experienced. PCMs consulted with Plaintiff's counsel and the third-party vendor in a professional capacity regarding their potential legal issues and claims. Therefore, Plaintiff's counsel's communications with PCMs are protected by attorney-client privilege, and Plaintiff should not be compelled to disclose these communications.

      c.      <u>Plaintiff Has Not Waived Attorney-Client Privilege Or Work-Product Privilege</u>

Defendant argues that Plaintiff distributing the survey to PCMs constitutes a complete waiver of the work-product privilege and attorney-client privilege. However, Defendant's authority does not support this argument. Defendant cites *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18 (9th Cir. 1981), to support its contention that attorney-client privilege was waived. *Weil* could not be more distinguishable. There, the disclosure occurred early in the proceedings, was made to *opposing counsel*, and the party asserting privilege did not allege the disclosure prejudiced her in any way. *Id*., at 25. Here, there has not been *any* inadvertent disclosure to Defendant. Therefore, *Weil* is not on point. Furthermore, Plaintiff has shown above that communications with PCMs are shielded by attorney-client privilege, and to that extent *Weil* is inapplicable since the communication being shielded is between PCMs (with whom there is attorney-client privilege) and Plaintiff's counsel, not any third-parties. Therefore, Plaintiff has not waived attorney-client privilege over any communications with PCMs.

Defendant's argument that dissemination of the survey waives attorney work-product privilege fails too. As courts have explained, disclosure of work product to third persons "generally does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 645 (E.D. Cal. 2014) (citation and quotation marks omitted). "'Disclosure to [a] person with *interest[s] common to that of attorney or client* is not inconsistent with intent to invoke work product doctrine's protection and would not amount to waiver.'" *Id*. (quoting *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981)(emphasis added)). This has been affirmed by courts in this district as well. *See Ellis v. J.P. Morgan Chase & Co.*, 2014 WL 1510884 at *5 (N.D. Cal. Apr. 1, 2014) (finding "waiver does not occur simply by virtue of sharing the privileged information with any third party."); *see also Nidec Corp. V. Victor Co. of Japan,* 249 F.R.D. 575, at 578 (N.D.Cal.2007) (finding waiver occurs only "where disclosure of the otherwise privileged documents is made to a third party, and that disclosure enables an adversary to gain access to the information.") Here, PCMs have common interests to Plaintiff as fellow employees and past employees of Defendant, and due to Plaintiff seeking to a certify a class on behalf of them. Furthermore, Plaintiff did not disseminate the survey itself to PCMs, but to a third-party vendor who then contacted PCMs, disclosed it was on behalf of Plaintiff's counsel's firm, and asked questions contained in the survey. So, Defendant would have no way to gain access to the survey itself through Plaintiff's communications to class members. Defendant itself concedes this point, as it argues it cannot obtain the survey through any means other than this discovery. Plaintiff has therefore kept these documents confidential and has not waived attorney-work product privilege as to the surveys.

## 2. The Materials Sought Are Not Typically Compelled

FedEx cites distinguishable case law to support its position that the requested materials are routinely compelled. For example, in *Smith v. CEVA Logistics U.S., Inc*., No. CV 09-4957-CAS (SSX), 2012 WL 12973191 (C.D. Cal. Mar. 8, 2012) . In *Morisky, et al. v. Public Service Electric and Gas Co*., 191 F.R.D. 419 (D.N.J. 2000) the court there (holding all responses by putative class members to questionnaires had to be disclosed to defendant). Likewise, in *Vallone v. CNA Fin. Corp*., No. 98 C 7108, 2002 WL 1726524 (N.D. Ill. Mar. 19, 2002). In fact, two years later, the ; *Castaneda v. Burger King Corp*., 259 F.R.D. 194, 199 (N.D.Cal.2009) (compelling production of survey responses in class setting).

## 3. FedEx Cannot Show Substantial Need and Undue Hardship

FedEx next argues that if the survey and communications to PCMs are protected, Plaintiff should still be compelled to disclose this information because FedEx can show a substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent. *See* Defendant's support for this position is the conclusory statement that "FedEx Ground cannot obtain that discovery through any means other than… Plaintiff's communications with PCMs about the survey and the survey itself." FedEx offers no other evidence to demonstrate its substantial need for the materials or that it would experience undue hardship in obtaining their substantial equivalent. This is because FedEx can obtain a substantial equivalent, namely by deposing PCMs. *See High Tech Commc'ns, Inc. v. Panasonic Co*., No. 94–1477, 1995 WL 83614, *4 (E.D.La.1995) (holding that the party seeking production "can discover facts disclosed in the questionnaires by deposing the individuals who responded to them").

Trina L. Thompson
Page 6

For these reasons, Plaintiff should not be compelled to produce the survey or provide any communications between Plaintiff's counsel and PCMs.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Melis Atalay
          Melis Atalay
          Evan R. Moses
          Alexander M. Chemers
          Omar M. Aniff
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.


SETAREH LAW GROUP
By:  /s/ Brian P. Louis
          Brian P. Louis
          Shaun Setareh
          William M. Pao
Attorneys for Plaintiff
CLARA DEPINA