1  EVAN R. MOSES, CA Bar No. 198095
   evan.moses@ogletree.com
2  ALEXANDER M. CHEMERS, CA Bar No. 263726
   zander.chemers@ogletree.com
3  MELIS ATALAY, CA Bar No. 301373
   melis.atalay@ogletree.com
4  OMAR M. ANIFF, CA Bar No. 315446
   omar.aniff@ogletree.com
5  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
6  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
7  Telephone:    213-239-9800
   Facsimile:    213-239-9045
8
   Attorneys for Defendant
9  FEDEX GROUND PACKAGE SYSTEM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARA DEPINA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:23-cv-00156-TLT<br><br>**RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR AN ORDER TO CONTINUE CLASS CERTIFICATION HEARING**<br><br>Complaint Filed:  November 18, 2022<br>Trial Date:        July 14, 2025<br>District Judge:    Hon. Trina L. Thompson<br>                   Courtroom 9, San Francisco<br>Magistrate Judge: Hon. Sallie Kim<br>                   Courtroom C, San Francisco |

Plaintiff Clara Depina ("Plaintiff") has not supplied the requisite good cause for the relief sought in her administrative motion (ECF No. 53)—namely, to continue the hearing date on her class certification motion from July 16, 2024 to September 17, 2024.

Over one year ago, on April 14, 2023, this Court issued a minute order that set a hearing on Plaintiff's motion for class certification for July 16, 2024. (ECF No. 18). Plaintiff filed her class certification motion on March 19, 2024; Defendant filed its opposition on May 14, 2024; and Plaintiff filed her reply on June 15, 2024. (ECF Nos. 34, 43, 48.) Plaintiff's administrative motion states that Plaintiff's lead counsel, Shaun Setareh and Thomas Segal, are on vacation on the date of the certification hearing, and ask for a two-month continuance of the certification hearing as a result. There is no explanation, however, as to why Plaintiff's counsel could not have scheduled their vacations for a different date when the class certification hearing date was known <u>for over one year</u>. (ECF No. 18.) As stated in Plaintiff's own motion—"if that party [requesting the continuance] was not diligent, the inquiry should end." (ECF No. 53, p. 3, *citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).) Here, Plaintiff's counsel were entirely in control of when they chose to schedule their vacations, including setting them for dates that directly precede the class certification hearing.[1]

The fact that one of Plaintiff's counsel's departed from his law firm (William Pao) also does not establish good cause to continue the hearing date. Shaun Setareh has been lead counsel for Plaintiff since the case's inception in December 2022. Mr. Setareh has been heavily involved in the class certification proceedings, including by providing declarations in support of Plaintiff's motion. (ECF Nos. 34-4, 48-2.)[2] Moreover, as of the date that Plaintiff's notice that Thomas Segal was substituting as counsel (ECF No. 51), there were two weeks until the certification hearing and ample

---

[1] Lead counsel for Defendant, Alexander M. Chemers, is similarly on a family trip through July 8, 2024, but returning on that date so that he can prepare for the hearing on July 16, 2024.

[2] Plaintiff's administrative motion avers that "allow[ing] new counsel to get up to speed on issues" constitutes good cause to continue deadlines, citing to *Exp.-Imp. Bank of Korea v. ASI Corp.*, No. CV162056MWFJPRX, 2018 WL 2717845, at *2 (C.D. Cal. Apr. 26, 2018) (ECF No. 53, p. 4.) The *Export-Import* action is inapposite because it involved <u>a new law firm's substitution</u> in due to a conflict of interest. *Id.* at *2. Here, The Setareh Law Group was and remains Plaintiff's counsel of record.

time to prepare for the hearing. While it may be <u>inconvenient</u> for Plaintiff's counsel to prepare for and attend the hearing on July 16, 2024, they have not explained why this is not possible.[3]

To the extent that the Court continues the certification hearing, Defendant requests that it is continued to a date in August 2024 rather than September 17, 2024 especially in light of upcoming deadlines set by the Court's April 13, 2023 minute order including the July 14, 2025 trial date.

DATED:  July 5, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: <u>/s/ Melis Atalay</u>
  Evan R. Moses
  Alexander M. Chemers
  Melis Atalay
  Omar M. Aniff

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

---

[3] At most, Plaintiff's counsel indicate that Mr. Segal is not available on July 16, 2024, but without explaining why or whether any potential conflict might be moved.