ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
MELIS ATALAY, CA Bar No. 301373
melis.atalay@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:     213-239-9045

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION (successor by merger to
FedEx Ground Package System, Inc.)

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Brian Louis (SBN 353058)
brian@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
CLARA DELPINA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA DEPINA, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. 3:23-cv-00156-TLT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:            March 13, 2025<br>Time:            2:00 p.m.<br>Place:           Courtroom 9<br><br>Complaint Filed: November 18, 2022<br>Trial Date:      July 14, 2025<br>District Judge:  Hon. Trina L. Thompson<br>                 Courtroom 9, San Francisco |

Pursuant to the Court's Orders dated September 12, 2024 and March 3, 2025 (ECF Nos. 67 and 94), plaintiff Clara Depina ("Plaintiff") and defendant Federal Express Corporation (successor by merger to FedEx Ground Package System, Inc.) hereby submit the following Joint Case Management Conference Statement in advance of the March 13, 2025 Case Management Conference.

I.   **PENDING MOTIONS**

- **Motion to Bifurcate**: FedEx's motion to bifurcate trial has been fully briefed and is set for hearing on April 8, 2025. (ECF Nos. 87, 91, 93.)
- **Motion for Trial Plan**: FedEx's motion for trial plan was filed on March 4, 2025, and was set for the first-available hearing date on May 8, 2025. (ECF No. 96.) FedEx requests that the Court advance the hearing date to April 8, 2025, which is the same date that the Court will hear FedEx's Motion to Bifurcate. Plaintiff does not oppose this request.
- **Rule 23(f) Petition:**  Plaintiff's Motion for Class Certification was denied on November 8, 2024. (ECF No. 78.) Plaintiff filed with the United States Court of Appeals for the Ninth Circuit a Rule 23(f) Petition for Leave to Appeal this Court's certification order on November 22, 2024. FedEx filed its opposing answer on December 2, 2024. Plaintiff filed a motion for leave to file a reply on February 27, 2025. The motion for leave and Rule 23(f) Petition are pending as of today's date.

II.  **WHETHER A TRIAL PLAN IS WARRANTED**

On February 18, 2025, FedEx filed an administrative motion for an order that Plaintiff propose a trial plan and briefing thereon (ECF No. 90). Plaintiff opposed FedEx's administrative motion. (ECF No. 92.) On March 3, 2025, this Court denied FedEx's motion without prejudice on the basis that "Rule 7-11 is the incorrect vehicle to bring the motion to require briefing on Plaintiff's trial schedule." (ECF No. 94, p. 2.) The Court permitted FedEx to file a renewed noticed motion, and further ordered that "[t]he comments contained in ECF 90 and ECF 92 shall be incorporated into the joint case management statement." (*Id.* at p. 3.) The Parties thus submit their positions on whether a trial plan is warranted.

/ / /

**Defendant's Position: There Is a Critical Need for a Trial Plan**

This Court can—and should—order Plaintiff to submit a proposed trial plan that explains how she intends to prove the Labor Code claims at issue as to approximately 90,000 Allegedly Aggrieved Employees while ensuring Defendant's due process rights are protected. This Court is authorized to order Plaintiff to submit a trial plan and for briefing thereon. A trial court "possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). That inherent case management authority is particularly flexible for trial courts overseeing PAGA actions, which may involve "hundreds or thousands of alleged aggrieved employees, each with unique factual circumstances." *Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal. App. 5th 685, 713 (2022), *aff'd*, *Estrada v. Royalty Carpet Mills, Inc.*, 15 Cal. 5th 582 (2024).[1] In such scenarios, "courts may, where appropriate and within reason, limit witness testimony and other forms of evidence when determining the number of violations that occurred and the amount of penalties to assess." *Id.* <u>Counsel are further "encourag[ed] to work with the trial courts during trial planning to define a workable group or groups of aggrieved employees for which violations can more easily be shown</u>." *Id.* (emphasis added); *see also id.* at 713 n.8 (noting that, "[f]or example," this might involve "narrowing alleged violations to employees at a single location"). "If a plaintiff alleges widespread violations of the Labor Code by an employer in a PAGA action but cannot prove them in an efficient manner, it does not seem unreasonable for the punishment assessed to be minimal." *Id.* at 713.

Numerous federal courts within the Ninth Circuit have used their inherent authority to require a plaintiff to submit a workable plan about how a trial on PAGA representative claims can be had. *See, e.g.*, *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB-KK, 2023 WL 9420844, at

---

[1] *Estrada*, *supra*, 76 Cal. App. 5th and *Estrada*, *supra*, 15 Cal. 5th pertain to the authority of a California trial court to manage PAGA trials. Federal courts within the Ninth Circuit—including this Court—have taken guidance from *Estrada* to manage PAGA actions. *See, e.g.*, *Clark v. QG Printing II, LLC*, No. 118CV00899AWIEPG, 2023 WL 2815733, at *6 (E.D. Cal. Apr. 6, 2023) (requiring the plaintiff to submit a plan to try PAGA claims pursuant to *Estrada*); *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2024 WL 3522039, at *2 (N.D. Cal. July 23, 2024) (concluding that—pursuant to *Estrada*—the Northern District had inherent authority to limit the type of evidence that a plaintiff may present or use other tools to assure that a PAGA claim can be effectively tried).

1  *4 (C.D. Cal. Aug. 14, 2023) (granting motion to require the plaintiff to submit a plan about how she
2  could try her PAGA representative case; "[the Court] exercises its inherent authority to require
3  Plaintiffs to submit a trial plan. But it does so to better inform itself (and Defendants) of the claims
4  and issues Plaintiffs plan to present at trial."); *Clark v. QG Printing II, LLC*, No. 1:18-CV-00899-
5  AWI-EPG, 2023 WL 2815733, at *6 (E.D. Cal. Apr. 6, 2023) (requiring the plaintiff to submit a plan
6  to try PAGA claims pursuant to *Estrada*; "district courts have inherent authority to
7  regulate PAGA claims to the extent doing so constitutes 'a reasonable response to a specific
8  problem'"); *Hinds v. FedEx Ground Package System, Inc.*, Case No. 18-cv-01431-JSW, 2022 WL
9  1212016 at *1 (N.D. Cal., April 25, 2022) (ordering plaintiff to submit a trial plan about how she
10 could try the PAGA claims, which was required to "address any affirmative defenses to be asserted
11 by FedEx"); *Ortiz v. Amazon.com LLC*, No. 17-CV-03820-JSW, 2020 WL 5232592, at *2 (N.D. Cal.
12 Sept. 2, 2020); *Wilson v. Pactiv LLC*, No. 5:20-CV-01691-SB-KK, 2022 WL 2168876, at *2 (C.D.
13 Cal. Apr. 5, 2022).

14     The only discernable reason that Plaintiff resists providing a concrete trial plan is because
15 Plaintiff has no workable method for the PAGA representative claims can be tried. The need for a
16 trial plan is particularly pressing here given that this Court has already determined that Plaintiff's
17 various theories were not suitable for class treatment. (ECF No. 78.) Plaintiff also admits that
18 FedEx's common meal and rest break policies are "facially compliant", did not submit any common
19 policy or procedure that establishes FedEx underpays for security checks, worked for FedEx for less
20 than for 13 weeks between March and June 2022, and testified that she knew "it was [FedEx's] policy
21 she should take at least 30 minutes for a meal break." Nor has Plaintiff submitted evidence of any
22 survey that could establish liability while preserving FedEx's due process rights. It remains unclear
23 which PAGA representative claims Plaintiff intends to try, on behalf of whom, and how, especially
24 since Plaintiff has not filed a request to dismiss claims or narrow the group.

25     In her Opposition to FedEx's administrative motion for trial plan, Plaintiff focused on her
26 allegation that no trial plan is necessary because Plaintiff "intends to concentrate on unpaid meal
27 period violations, relying on FedEx's timekeeping records compared to meal period premiums paid."
28 (ECF No. 92, p. 2, citing *Donohue v. AMN Services, LLC*, 11 Cal. 5th at 77 (2021).) But this Court

already concluded that Plaintiff "has not triggered the *Donohue* presumption" based on the factual record, including FedEx's timekeeping records, when it denied Plaintiff's certification motion. (ECF No. 78, pp. 13, 19.) Moreover, even assuming *arguendo* that Plaintiff can use the *Donohue* presumption at trial (which FedEx disputes), Plaintiff's argument ignores that FedEx is entitled to rebut that presumption. *Donohue*, supra, 11 Cal. 5th at 77. FedEx is not obligated to rebut the presumption through representative rebuttal evidence, as Plaintiff erroneously suggests. *Donohue* rather held that "'[r]epresentative testimony, surveys, and statistical analyses,' <u>along with other types of evidence</u> 'are available as tools to render manageable determinations of the extent of liability.'" *Id*. (*citing Brinker Rest. v. Sup. Ct*., 53 Cal. 4th 1004, 1054 (2012) (concurrence, Werdegar, J.) (emphasis added). Thus, the California Supreme Court expressly affirmed that an employer may offer "other types of evidence." *Id*. It did not hold that a defendant is restricted to other types of representative evidence. To satisfy due process protections, FedEx must be able to present individualized evidence pertaining to differing variables that may impact the ability to take a meal break—including which of FedEx's 50+ sites the employee worked, their job duties, their shift worked, the staffing arrangement, the work demands of the day, and so on. And, because Plaintiff's PAGA representative claim puts *millions of meal periods* at issue, she cannot blithely assume that the meal period claim can be efficiently tried. *See* CACI Instruction 2766B, which provides, in part, "if you decide that [defendant] has proved all of the above for <u>each meal break</u>, then there have been no meal break violations and your decision must be for [defendant]" (emphasis added.) Plaintiff must provide a trial plan that grapples with this individualized claim can be tried.

   The claims and methods of proof Plaintiff intends to offer at trial necessarily shape how the Court and the Parties address the remaining substantive issues before trial. Without a sensible trial plan, the Court and the Parties will wade into a complicated trial of more than 89,000 individuals' Labor Code claims with no understanding of critical trial management issues, including whether representative evidence will be permitted and for what, how many witnesses will testify, and how long trial will last. As numerous district courts have recognized when requiring plaintiffs to submit trial plans in PAGA actions: trying these claims is not simple and a trial plan allows the parties to work through the complicated logistics of a PAGA trial so that it can be as streamlined and efficient

for the Court as possible.

Accordingly, FedEx respectfully requests an Order issue as follows:

1. Within two weeks of the Court's Order, Plaintiff is ordered to file a trial plan, detailing (a) which timeframes, worksites, and employee groups for whom she intends to recover civil penalties at trial; (b) the specific PAGA claims and theories underlying those claims that she intends to pursue at trial; and (c) what type of evidence she intends to use to try those claims.

2. Within three weeks of Plaintiff's Phase One filing, FedEx shall file both (a) a response to the trial plan; and (b) a motion to strike evidence of violations by aggrieved employees for whom there is no evidence.

3. Within two weeks of FedEx's Phase Two filing, Plaintiff shall file both: (a) reply to FedEx's opposition to trial plan; and (b) opposition to FedEx's motion to strike (if any).

4. Within two weeks of Plaintiff's Phase Three filing, FedEx shall file a reply to Plaintiff's opposition to motion to strike.

5. The Court shall hear both the motion to strike and plaintiff's trial plan concurrently.

**Plaintiff's Further Position**:

Plaintiff intends to limit this case at the PAGA trial for people who have the same job position as Plaintiff did ("package handler") and for whom FedEx's own records show at least one facially non-compliant meal period that was not compensated with a meal period premium. For example, if a package handler's records show two facially non-compliant meal periods and two meal period premiums, that package handler would not be part of the PAGA group at trial. But if a package handler's records show two facially non-compliant meal periods and fewer than two meal period premiums, that package handler would be part of the PAGA group at trial.

Under *Donohue v. AMN Services, LLC*, 11 Cal. 5th 58, 77 (2021), these records raise a rebuttable presumption of non-compliance, shifting the burden to FedEx to rebut with representative evidence like testimony, surveys, or statistics—methods endorsed by *Estrada v. Royalty Carpet Mills, Inc.* 76 Cal. App. 5th 685, 713 (2022), aff'd, 15 Cal. 5th 582 (2024).

Contrary to FedEx's assertion that "individualized issues" dominate, Plaintiff's approach

1 uses common proof for liability, with damages being addressed via FedEx's own timekeeping and
2 payroll records, as well as sampling if needed. Absent a "specific problem"—e.g., evidentiary chaos
3 or logistical impasse, neither of which are present here—Ninth Circuit precedent does not support
4 FedEx's demand. *Clark v. QG Printing II, LLC* 2023 WL 2815733 (E.D. Cal. 2023) at *6; *Lawson
5 v. GrubHub, Inc*. 2024 WL 3522039 (N.D. Cal. 2024) at *2.

### III. PLAINTIFF'S INTENDED MOTION TO REMAND.

**Plaintiff's Position**:

Plaintiff believes that the Court's denial of class certification deprives the Court of jurisdiction and the case should therefore be remanded pursuant to a U.S Supreme Court decision that was handed down in January of this year.

Defendant removed this case pursuant to the Class Action Fairness Act ("CAFA"). The only claims which now remain are individual Labor Code claims and PAGA claims. It is well settled that PAGA claims do not give rise to CAFA jurisdiction. *Baumann v. Chase Inv. Services, Corp.,* 747 F.3d 1117 (9th Cir. 2014.)

In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (January 15, 2025) the United States Supreme Court held that where a complaint is amended to delete all federal claims, the action should be remanded. Here, the order denying class certification removed class claims from the case, and therefore under the logic of *Wullschleger,* the basis for federal jurisdiction is gone and the case should be remanded.

**Defendant's Position**:

FedEx intends to oppose Plaintiff's anticipated remand motion, and reserves the right to oppose it on any and all grounds. Ninth Circuit authority is clear that "[i]f a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." *United Steel, Paper & Forestry v. Shell Oil Co*., 602 F.3d 1087, 1092 (9th Cir. 2010); *see also Madiera v. Converse, Inc.*, 826 Fed. Appx. 634, 635 (9th Cir. 2020) ("Where, as here, jurisdiction was proper at the time of removal, subsequent dismissal of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims."). Here, it is undisputed that CAFA

jurisdiction existed at time of removal and thus this Court retains jurisdiction despite its denial of Plaintiff's putative class claims.

Plaintiff's reliance on *Royal Canin* is misplaced. *Royal Canin U.S.A., Inc. v. Wullschleger*, 145 S. Ct. 41 (2024). *Royal Canin* was specific to <u>federal question</u> jurisdiction, which is fundamentally distinct from CAFA and diversity jurisdiction. In *Royal Canin*, the defendant removed the case to federal court based <u>on</u> federal question jurisdiction (not diversity or CAFA jurisdiction) and supplemental jurisdiction over the state law claims. *Id.* at 28–29. The plaintiff amended her complaint post-removal to withdraw her federal law claims. *Id.* at 29. The Supreme Court held that when all federal claims are removed from an action, then the Court lacks federal question jurisdiction.

Notably, however, the Supreme Court clarified that its holding is "inapposite... by virtue of its subject and function alike" to the rule that a post-removal amendment that reduces the amount in controversy to below the statutory minimum does *not* destroy diversity jurisdiction. *Id.* at 38 n.8. Every federal court to have been confronted with the issue has concluded that *Royal Canin*'s holding is specific to federal question jurisdiction and does not impact an Article III Court's diversity jurisdiction. *Langworthy v. Tuck et al.*, 2025 WL 602179, at *9–10 (E.D. Mich. Feb. 25, 2025); *Ellis v. Selene Finance LP*, 2025 WL 714247, at *2 (N.D. Tex. Feb. 18, 2025); *Strum v. Mardam-Bey*, 2025 WL 405120, at *5 (D.D.C. Feb. 4, 2025); *Robin v. Bon Secours Community Hosp.*, 2025 WL 623766, at *15 (S.D.N.Y. Feb. 25, 2025).

"*Baumann v. Chase Inv. Servs. Corp.* is also inapposite, as it dealt with whether or not a district court may exercise 'original jurisdiction over a PAGA action', which is not presently at issue here. 747 F.3d 1117, 1119 (9th Cir. 2014). *Garcia v. Dolex Dollar Express, Inc.*, 2023 WL 8359844, at *3 (C.D. Cal. Nov. 30, 2023).

IV. **<u>WHETHER PRE-TRIAL DATES SHOULD BE ADJUSTED.</u>**

Given the pending motions described above, the Parties respectfully request that the Court adjust select pre-trial and trial dates as follows. The Parties further agree that all dates may need to be adjusted if the Ninth Circuit grants Plaintiff's Rule 23(f) Petition.

<u>/ / /</u>

**FedEx's Further Position**:

FedEx submits that additional dates will need to be scheduled if the Court grants FedEx's motions (a) to bifurcate; and/or (b) to compel Plaintiff's trial plan and briefing thereon. For instance, if the Court grants FedEx's trial plan motion, then FedEx requests that all dates following the expert discovery cut-off below will be continued by eight weeks to accommodate the briefing on Plaintiff's proposed trial plan.

Plaintiff's request to completely stay all dates pending the Ninth Circuit's review of her Rule 23(f) petition should be denied because none of the relevant four factors are sastisfid here: (1) the stay applicant's likelihood to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent the stay; (3) whether the stay would substantially injure other parties; and (4) the public interest. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *Leiva–Perez v. Holder,* 640 F.3d 962, 964 (9th Cir.2011). Plaintiff's PAGA representative claim—which she purports to pursue on behalf of the State and all non-exempt employees—has been pending for over two years and the civil penalties that Plaintiff claims are at issue (and which FedEx disputes) continue to accrue. A stay would substantially prejudice FedEx, deprive the State and non-exempt employees of penalties that Plaintiff contends are due, and serve no legitimate purpose since Rule 23(f) review is a "rare occurrence." *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 955 (9th Cir. 2005).

**Plaintiff's Further Position**:

Plaintiff submits that in light of the pending Rule 23(f) Petition and Plaintiff's anticipated motion to remand, either the case should be stayed and dates set after both have been resolved or dates should be continued by approximately 120 days.

Plaintiff objects also to Defendant's proposed schedule in that it provides only one week for conducting expert discovery, and that week is one in which in which Plaintiff's counsel is currently scheduled to be in trial in the Los Angeles Superior Court. And while FedEx has deposed Plaintiff's expert Toney, Plaintiff has not deposed Defendant's expert Krock.

/ / /

/ / /

/ / /

| Event | Current Date | FedEx's Proposal | Plaintiff's Proposal |
|---|---|---|---|
| Opening expert reports | March 3, 2025 | N/A; the Parties exchanged disclosures March 3, 2025 | |
| Rebuttal expert reports | March 3, 2025 | March 21, 2025 | July 1, 2025 |
| Expert discovery cut-off | March 10, 2025 | March 28, 2025 | July 18, 2025 |
| Dispositive Motions – last day to file | April 8, 2025 | April 8, 2025 | July 29, 2025 |
| Dispositive Motions – last day for hearing | May 13, 2025 | May 13, 2025 | September 2, 2025 |
| Last day to file joint pretrial statement | May 29, 2025 | May 29, 2025 | October 23, 2025 |
| Final pre-trial conference | June 12, 2025 at 3:30 pm | June 12, 2025 at 3:30 pm | November 6, 2025 at 3:00pm |
| Trial | July 14, 2025 | July 14, 2025 | December 1, 2025 |

Respectfully submitted,

DATED: March 7, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Melis Atalay
 Alexander M. Chemers
 Melis Atalay
 Omar M. Aniff

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION (successor by merger to FedEx Ground Package System, Inc.)

DATED: March 7, 2025                         SETAREH LAW GROUP


                                             By: /s/ Thomas Segal
                                                 Shaun Setareh
                                                 Thomas Segal

                                             Attorneys for Plaintiff
                                             CLARA DEPINA